Slip Op. 12– 57

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| WUHU FENGLIAN CO., LTD., and SUZHOU SHANDING HONEY PRODUCT CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> - and - <br><br> AMERICAN HONEY PRODUCERS ASSOCIATION, and SIOUX HONEY ASSOCIATION, <br><br> Defendant-Intervenors. | Before: Gregory W. Carman, Judge <br><br> Court No. 11-00045 |

**OPINION & ORDER**

[Remanding the Department of Commerce's Final Results and Rescission of Antidumping Duty New Shipper Reviews to accept certain excluded evidence; denying Plaintiffs' motion to supplement administrative record]

Dated: April 25, 2012

*Yingchao Xiao*, Lee & Xiao, of San Marino, CA for Plaintiffs.

*Courtney S. McNamara*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for Defendant. With her on the briefs were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Reginald T. Blades, Jr.*, Assistant Director, and *Sapna Sharma*, Attorney, United States Department of Commerce, of Counsel.

Court No. 11-00045                                                                                          Page 2

*Michael J. Coursey* and *R. Alan Luberda*, Kelley Drye & Warren LLP, of Washington, DC for Defendant-Intervenors.

CARMAN, JUDGE: Plaintiffs Wuhu Fenglian Co., Ltd. ("Fenglian") and Suzhou Shanding Honey Product Co., Ltd ("Suzhou") (collectively, "Plaintiffs") challenge a decision rendered by the U.S. Department of Commerce ("Commerce") rescinding antidumping duty new shipper reviews requested by Plaintiffs. (Brief in Supp. of Pls.' R. 56.2 Mot. for J. Upon the Agency R. ("Pls.' Mot.") 1–2.) For the reasons set forth below, Commerce's determination is remanded for Commerce to accept and consider certain excluded evidence.

## BACKGROUND

On February 4, 2010, Plaintiffs requested new shipper reviews on honey from the People's Republic of China. (Pls.' Mot. 3.) Commerce issued questionnaires and supplemental questionnaires to which Plaintiffs timely responded, and decided on July 7, 2010 that because of the "extraordinarily complicated" nature of this review, the deadline for a preliminary determination would be extended to November 2, 2010. (Id. (citing Honey From the People's Republic of China: Extension of Time Limit for the Preliminary Results for New Shipper Review, 75 Fed. Reg. 38,980 (July 7, 2010)).) Commerce published its Preliminary Determination on September 10, 2010, rescinding the new shipper reviews on the grounds that the sales made by Fenglian and Suzhou did not appear to be bona fide. Honey From the People's Republic of China:

<u>Preliminary Intent to Rescind New Shipper Reviews</u>, 75 Fed. Reg. 55,307, 55,308 (Sep. 10, 2010) ("Preliminary Determination"). Commerce's Final Determination, which Plaintiffs challenge by this lawsuit, "made no changes to [the] preliminary decision to rescind the [new shipper reviews] of Suzhou and Fenglian." <u>Honey From the People's Republic of China: Final Results and Rescission of Antidumping Duty New Shipper Reviews</u>, 76 Fed. Reg. 4,289, 4,290 (Jan. 25, 2011) ("Final Determination").

As a threshold matter, Plaintiffs dispute Commerce's decision to reject as untimely two of Plaintiffs' submissions made during the course of the administrative proceeding. The first was Plaintiffs' September 18, 2010 submission consisting of rebuttal comments to an August 24, 2010 submission from Petitioners (Defendant-Intervenors in this action). (Pls.' Mot. 4.) The second was Plaintiffs' September 22, 2010 submission consisting of factual information aiming to rebut certain U.S. Customs and Border Protection data ("CBP data") that Commerce had placed on the record on September 2, 2010. (<u>Id.</u>) In rejecting each of these submissions from Plaintiffs, Commerce cited 19 C.F.R. § 351.301(c), which regulates the time within which interested parties may rebut certain types of information placed on the record. 19 C.F.R. § 351.301(c)(1), <u>see also</u> Def.'s Confid. App'x in Supp. of Its Resp. in Opp. to Pls.' Mot. for J. Upon the Agency R. ("Def.'s App'x") Exs. M, N (letters from Commerce rejecting Plaintiffs' September 18 submissions), <u>and</u> Confid. Exs. for Brief in Supp. of Pls.' Rule

Court No. 11-00045                                                                                        Page 4

56.2 Mot. for J. Upon the Agency R. ("Pls.' App'x") Ex. 4 (letter from Commerce rejecting Suzhou's September 22 submission).[1]

Plaintiffs also assert that Commerce failed to issue enough questionnaires to obtain all essential data before rendering the Final Determination. In addition to the initial and supplemental questionnaires that Commerce did issue, Plaintiffs asked Commerce to issue two further supplemental questionnaires. On September 4, 2010, Plaintiffs requested and received a supplemental questionnaire, but it was not addressed to the issues Plaintiffs had wanted. (Pls.' Mot. 4.) On September 30, 2010, Plaintiffs made one final request for a supplemental questionnaire, which Commerce refused. (Id. at 5; Def.'s App'x Ex. R.)

Plaintiffs now also move the Court to compel supplementation of the administrative record to include certain factual information not previously presented to Commerce (Mot. to Supp. Admin. R. ("Mot. to Supp."), ECF No. 73), a motion which Commerce opposes (Resp. in Opp. to Pls.' Mot. to Supp. Admin. R., ECF No. 76).

## JURISDICTION / STANDARD OF REVIEW

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1581(c), and 19 U.S.C. §§ 1516a(1), (2)(B)(iii). In reviewing Commerce's final determination in a new

---

[1] Commerce also issued, on September 27, 2010, a letter rejecting a joint September 22 submission by Fenglian and Suzhou for being untimely submitted, although this rejection did not specifically cite 19 C.F.R. § 351.301(c). (See Def.'s App'x, Ex. P.)

shipper review, the Court is required to "hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1), (B)(i).

ANALYSIS

While Plaintiffs dispute Commerce's conclusion that their sales were not bona fide (Pls.' Mot. 19–47), and ultimately seek reversal of Commerce's decision to rescind the new shipper reviews (id. 48), the threshold issues presented in this case are whether it was proper for Commerce (1) to reject certain factual submissions Plaintiffs made during the administrative proceeding (id. 12–17), and (2) to decline to issue supplemental questionnaires at Plaintiffs' behest (id. 9–10). Because the Court finds that Commerce had no lawful basis for rejecting one of Plaintiffs' factual submissions, the Final Determination was based on an incomplete record. Accordingly, until this error has been corrected on remand, the Court will not decide the ultimate question of whether Commerce's decision to rescind the new shipper reviews is supported by substantial evidence on the record and otherwise in accordance with law.

Regulations issued by Commerce specify time limits within which factual information may be placed on the record in various proceedings before the agency. 19 C.F.R. § 351.301. Generally, in the case of a new shipper review, "a submission of factual information is due no later than . . . 100 days after the date of publication of

notice of initiation of the review," which in this case would have been May 15, 2010. Id. § 351.301(b)(4). This regulation also specifies time limits for interested parties to "submit factual information to rebut, clarify, or correct factual information **submitted by any other interested party**[,]" and sets the time limit for such rebuttals at 10 days. Id. § 351.301(c)(1) (emphasis added). This particular subpart is the one Commerce cited in rejecting both Plaintiffs' September 18 and September 22 submissions.

Plaintiffs' September 18 submission was offered to rebut factual information submitted by an interested party (namely, Petitioners), so 19 C.F.R. § 351.301(c)(1) governed the time within which that submission had to be made. Because the September 18 submission was filed more than 10 days after the factual information it sought to rebut, Commerce's rejection of this submission was lawful under this regulation.

Plaintiffs' September 22 submission, however, is different. This was not a submission offered to rebut factual information submitted by an interested party; rather, it was an effort to rebut the CBP Data, which had been placed on the record by Commerce. Because Commerce is not an interested party within the meaning of the antidumping statute or regulations[2], 19 C.F.R. § 351.301(c)(1) cannot limit the time for responding to a factual submission made by Commerce. Accordingly, although

---

[2] The definitions of "interested party" found at 19 U.S.C. § 1677(9) and 19 C.F.R. § 351.102(b)(29) does not include the agency itself.

Court No. 11-00045 Page 7

Plaintiffs' September 22 submission was made more than 10 days after the CBP Data were placed on the record, 19 C.F.R. § 351.301(c)(1) does not provide Commerce with a legal basis for rejecting Plaintiffs' September 22 submission.

Defendant advances several arguments to justify its rejection Plaintiffs' September 22 submission, all of which the Court finds unpersuasive.[3] First, while conceding that the first sentence of 19 C.F.R. § 351.301(c)(1) authorizes rebuttal of factual information submitted by an interested party, Defendant argues that both the subsection's title and its second sentence refer to rebuttal of "any factual information placed on the record," without regard to who placed it there. (Def.'s Resp. in Opp. to Pls.' Mot. for J. Upon the Agency R. ("Def.'s Resp.") 17–18.) Thus, the 10-day time limit, found in the second sentence, would apply to Plaintiffs' response to the CBP data. Defendant would have the Court accord "substantial deference" to this interpretation of Commerce's regulation. (Id. at 18 (citing Cathedral Candle Co. v. U.S. Int'l Trade Comm'n, 400 F.3d 1352, 1363–64 (Fed. Cir. 2005)).) Second, Defendant argues that if 19 C.F.R. § 351.301(c)(1) does not apply to information placed on the record by Commerce, "there would be no regulation that would allow an interested party to respond to factual information placed on the record by Commerce." (Id. at 19.) Defendant claims

---

[3] Defendant-Intervenors' arguments with respect to the September 22 submission are entirely duplicative of Defendants' arguments, and are similarly unavailing. (Def.-Intervs.' Resp. Br. in Opp. to Pls.' Mot. for J. Upon the Agency R. 13–18.)

that this court has rejected that view, and held that 19 C.F.R. § 351.301(c)(1) permits interested parties to respond to data placed on the record by the agency.  (Id. (citing Crawfish Processors Alliance v. United States, 28 CIT __, __, 343 F. Supp. 2d 1242, 1261 (2004)).)  Third, citing the agency's interest in finalizing the record, Defendant insists that there is no rationale for permitting a response time of any longer than 10 days to rebut information placed on the record by a non-interested party.  (Id. at 18–19.)  Additionally, Defendant contends that Plaintiffs did not provide a compelling justification for why they could not respond to the CBP data within a 10-day period, and faults Plaintiffs for failing to request an extension of the 10-day period pursuant to 19 C.F.R. § 351.302(c).  (Id. at 20.)  The Court will deal with each of these arguments in turn.

First, the Court cannot accept Defendant's construal of 19 C.F.R. § 351.301(c)(1) as applying to rebuttals of information placed on the record by Commerce, because such a view is contradicted by the plain language of the regulation.  While an agency's interpretation of its own regulation is, indeed, entitled to substantial deference, the Court cannot defer to an agency's regulatory interpretation when it is plainly erroneous, or inconsistent with the regulation itself.  Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994); United States v. UPS Customhouse Brokerage, Inc., 575 F.3d 1376, 1382 (Fed. Cir. 2009) (quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410,

414 (1945)).  In its entirety, 19 C.F.R. § 351.301(c)(1) states

> (c) *Time limits for certain submissions*—(1) *Rebuttal, clarification, or correction of factual information.* **Any interested party may submit factual information to rebut, clarify, or correct factual information submitted by any other interested party** at any time prior to the deadline provided in this section for submission of such factual information. If factual information is submitted less than 10 days before, on, or after (**normally only with the Department's permission**) the applicable deadline for submission of such factual information, **an interested party may submit factual information to rebut, clarify, or correct the factual information no later than 10 days after the date such factual information is served on the interested party** or, if appropriate, made available under APO to the authorized applicant.

19 C.F.R. § 351.301(c)(1) (italics in original, bold emphasis added).  This subsection accomplishes two goals.  The first sentence authorizes any interested party to rebut, clarify or correct factual information submitted by another interested party (which clearly does not include Commerce), provided that it does so within normally applicable time limits (for instance, those set out in § 351.301(b)).  The second sentence ensures that the chance to make these rebuttals, clarifications or corrections will not be unfairly cut short (or barred altogether) by the normally applicable time limits, guaranteeing interested parties at least 10 days in which to rebut, clarify or correct.

The Court rejects Defendant's assertion that the second sentence should be read, literally, out of context.  The "submitted" "factual information" referred to at the start of the second sentence clearly invokes the "factual information submitted by any other interested party" from the first sentence.  Moreover, information placed on the record

*sua sponte* by Commerce is not, technically, "submitted." Submitted information denotes that which has been "present[ed] or propos[ed] to another for review, consideration, or decision," which is how information from an interested party makes its way to the record. See Merriam Webster Online Dictionary, http://www.merriam-webster.com/dictionary/submit (last visited April 23, 2012). By contrast, the CBP data is factual information that has been "obtained by" Commerce, and which the agency is required to "include" in the official and public records. See 19 C.F.R. § 351.104(a), (b). If Commerce had intended for 19 C.F.R. § 351.301(c)(1) to regulate the time for rebutting, clarifying or correcting all factual information included in the record, regardless of source, rather than just factual information submitted by an interested party, it would have been easy enough to do so. Absent that, however, the Court cannot interpret the regulation contrary to its plain meaning, nor uphold Commerce's interpretation doing the same. Consequently, the Court holds that Commerce's rejection of Plaintiffs' September 22 submission pursuant to 19 C.F.R. § 351.301(c)(1) was unlawful, as that regulation does not control the time for an interested party to rebut factual information placed on the record by Commerce.

Defendant's second argument—that *if* 19 C.F.R. § 351.301(c)(1) is inapplicable to information Commerce places on the record, Plaintiffs would be *unable* to rebut it—is based on the misguided assumption that Commerce is at liberty to reject every

Court No. 11-00045                                                                                          Page 11

interested party submission made without explicit regulatory authorization. While Commerce clearly has the discretion to regulate administrative filings, that discretion is bounded at the outer limits by the obligation to carry out its statutory duty of "determin[ing] dumping margins 'as accurately as possible.'" NTN Bearing Corp. v. United States, 74 F.3d 1204, 1208 (Fed. Cir. 1995) (quoting Rhone Poulenc, Inc. v. United States, 899 F.2d 1185, 1191 (Fed Cir. 1990)). This means that on occasion, the courts have compelled Commerce to accept interested party submissions that were made without conformity to Commerce's regulations. See id. Moreover, Commerce's own regulations acknowledge that the agency "obtains most of its factual information in antidumping and countervailing duty proceedings from submissions made by interested parties during the course of the proceeding." 19 C.F.R. § 351.301(a). Consequently, if Commerce refused to permit rebuttal of information that it had placed on the record, for no reason other than the absence of a regulation expressly permitting such rebuttal, Commerce would be abusing its discretion, to the extent such refusal unduly hampered its ability to accurately determine dumping margins. In other words, interested parties are not uniformly prohibited from rebutting factual information Commerce places on the record simply because 19 C.F.R. § 351.301(c)(1) does not explicitly authorize them to do so.

    Contrary to Defendant's argument, Crawfish did not hold that 19 C.F.R.

Court No. 11-00045 Page 12

§ 351.301(c)(1) authorizes rebuttals to information placed on the record by Commerce. Crawfish, 343 F. Supp. 2d 1261–62. The holdings in Crawfish and this case are harmonious. In Crawfish, Commerce had placed new factual information on the record roughly three weeks after the initial deadline for submitting factual information (set out in 19 C.F.R. § 351.301(b)) had passed. Id. at 1261. An interested party then attempted to rebut and clarify Commerce's factual information via two submissions, made seven and eight days later, respectively. Commerce rejected these submissions, on the grounds that they did "not clarify or rebut factual information submitted by an interested party since Commerce" had placed the information on the record, reasoning that the interested party rebuttal submissions were not authorized submissions under 19 C.F.R. § 351.301(c)(1). Id. The court held that "Commerce improperly rejected" these submissions, noting that if it credited the government's argument, Commerce would be free to "place erroneous factual information on the record [that] interested parties would not be afforded the opportunity to rebut or clarify." Id. The court in Crawfish did *not* hold that 19 C.F.R. § 351.301(c)(1) authorized the rebuttals filed in that case, but rather simply held that Commerce's rejection of the rebuttal submissions had been improper. See id. at 1261–62. This Court reaches a similar result in the case at hand.

Defendant's third argument—that Plaintiffs have provided no reason why the time to rebut non-interested party information should be longer than the time to rebut

Court No. 11-00045                                                                                              Page 13

interested party information—misses the point.  It is not incumbent on Plaintiffs to explain why a different time frame should apply, because the Court is not evaluating a decision by the agency to adopt a 10-day window for rebuttals to non-interested party information going forward.  Instead, the issue is whether it was lawful for Commerce to reject Plaintiffs' September 22 submission, when at the time the submission was made there existed no statute, regulation or well established agency practice limiting the time for making such rebuttals.  The answer to that question warrants careful consideration of the specific facts of this case, and calls for the Court to strike a balance between the interests of finality and accuracy.  NTN Bearing Corp., 74 F.3d at 1208 (quoting Civil Aeronautics Bd. v. Delta Airlines, Inc., 367 U.S. 316, 321 (1961) ("Whenever a question concerning administrative, or judicial, reconsideration arises, two opposing policies immediately demand recognition: the desirability of finality, on the one hand, and the public interest in reaching what, ultimately, appears to be the right result on the other.")).

In this instance, where there was no applicable statute or regulation, nor even any well known agency practice establishing a shorter window for Plaintiffs to rebut factual information placed on the record by a non-interested party, a rebuttal submitted 20 days after the non-interested party data was placed on the record and almost four months prior to the issuance of the final results was sufficiently timely to warrant

Court No. 11-00045 Page 14

acceptance and consideration from Commerce.[4] Thus, in rejecting this submission Commerce struck an unlawful balance between finality and accuracy, which the Court is compelled to set aside. See 19 U.S.C. § 1516a(b)(1), (B)(i) (requiring the court to "hold unlawful" any determination found to be "not in accordance with law.") The Court of Appeals for the Federal Circuit (the "Court of Appeals") has noted that "preliminary determinations are 'preliminary' precisely because they are subject to change," and that at the preliminary results stage, "the tension between finality and correctness simply [does] not exist." NTN Bearing Corp., 74 F.3d at 1208; see also Timken U.S. Corp. v. United States, 434 F.3d 1345, 1353–54 (Fed. Cir. 2006) (concluding that because the plaintiff made a submission of corrections "after Commerce issued the preliminary results, but before it issued the final results," this court did not err in requiring the agency to consider that submission). Moreover, the Court of Appeals has also held "that Commerce is free to correct any type of importer error—clerical, methodology, substantive, or one in judgment—in the context of making an antidumping duty determination, provided that the importer seeks correction before Commerce issues the final results and adequately proves the need for the requested corrections." Timken,

---

[4] Plaintiffs were not required to seek an extension of time under 19 C.F.R. § 351.302(c) because, as explained supra, 19 C.F.R. § 351.301 was inapplicable. Moreover, Defendant does not identify, and the Court is unaware of any authority requiring Plaintiffs to provide a compelling excuse for taking as much time to file as they did. (See Def.'s Resp. 20.)

434 F.3d at 1353. In the wake of this precedent, it becomes an easy call: the Court holds that not only was Commerce's rejection of Plaintiffs' September 22 submission not compelled by any legal authority, it unlawfully favored finality over accuracy at the preliminary results stage, and therefore must be set aside. On remand, Commerce is directed to accept Plaintiffs' September 22 submission, and issue a redetermination accordingly.

　　　　Plaintiffs' remaining argument that Commerce abused its discretion in declining to issue each and every supplemental questionnaire that Plaintiffs had requested is without merit. Plaintiffs identify no legal authority for their contention that Commerce acted unlawfully in declining to issue additional post-preliminary questionnaires, and the Court sees no reason why the agency may have abused its discretion. <u>See</u> <u>Emerson Power Transmission Corp. v. United States</u>, 19 CIT 1154, 1160, 903 F. Supp. 48, 54 (1995) ("While [plaintiff] is correct to assert that Commerce may request additional information, . . . [plaintiff's] argument that Commerce should have requested the information is inconsistent with Commerce's broad discretion under the antidumping laws.").

　　　　Finally, the Court declines to grant Plaintiffs' April 2, 2012 motion to compel supplementation of the administrative record to include certain information not previously presented to the agency. While Plaintiffs assert that under certain conditions

Court No. 11-00045                                                                                          Page 16

"[t]he Court has discretion to consider matters outside the administrative record," (Mot. to Supp. 3), the Court declines to do so here.  Instead, the Court will evaluate the determinations, findings and conclusions of Commerce on the basis of the record that was assembled before the agency.  28 U.S.C. § 2640(b); 19 U.S.C. § 1516a(b)(1)(B)(i).  Similarly, at this time, the Court is disinclined to obligate Commerce to accept or consider factual information that was not presented during the underlying administrative proceeding.  Plaintiffs are, of course, free to seek Commerce's leave to supplement the administrative record while this case is on remand, and the Court will evaluate Commerce's treatment of such a request under the standard set out in 19 U.S.C. § 1516a(b)(1)(B)(i) in due course.

### Conclusion

For the foregoing reasons, the Court remands this case to Commerce for action consistent with this opinion, and it is hereby

**ORDERED** that Commerce shall file the results of its redetermination on remand no later than **Monday, June 25, 2012**, and it is further

**ORDERED** that Plaintiffs' comments on Commerce's remand results shall be no more than 30 pages, and shall be filed no later than **Wednesday, July 25, 2012**, and it is further

**ORDERED** that Defendant and Defendant-Intervenors may file responses to

**Court No. 11-00045** Page 17

Plaintiffs' comments of no more than 30 pages each, and such responses shall be filed no later than **Friday, August 24, 2012**, and it is further

**ORDERED** that Plaintiffs may file a reply to Defendant's and Defendant-Intervenors' responses of no more than 10 pages total, and such reply shall be filed no later than **Monday, September 10, 2012**, and it is hereby

**ORDERED** that Plaintiffs' Motion to Supplement the Administrative Record is DENIED.

/s/ Gregory W. Carman
Gregory W. Carman, Judge

Dated: April 25, 2012
New York, New York